# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

|  |  |  |
|---|---|---|
| United States of America | ) ) ) | **ORDER DENYING MOTION** |
| Plaintiff, | ) | **TO DISMISS CCE COUNT** |
| vs. | ) ) |  |
| Baquan Sledge | ) ) | Case No. 3:20-cr-042 |
| Defendant. | ) |  |

Before the Court is Defendant Baquan Sledge's "Motion to Dismiss CCE Count" filed on September 5, 2024. See Doc. No. 1662. The Government filed a response in opposition on September 19, 2024. See Doc. No. 1670. The Defendant did not file a reply. For the following reasons, the motion is denied.

### I.  BACKGROUND

On August 19, 2020, Baquan Sledge was charged in a Superseding Indictment with the crimes of conspiracy to distribute and possess with intent to distribute a controlled substance (namely, oxycodone), money laundering conspiracy, possession with intent to distribute oxycodone, maintaining a drug-involved premise, and continuing criminal enterprise. See Doc. No. 365. On June 2, 2022, Sledge's jury trial commenced in Fargo, North Dakota. See Doc. No. 1199, p .1. On June 17, 2022, after eleven days of testimony, a jury convicted Sledge of conspiracy to distribute and possess with intent to distribute oxycodone, money laundering conspiracy, possession with intent to distribute oxycodone, maintaining a drug-involved premise, and continuing criminal enterprise. See Doc. No. 1201.

On January 13, 2023, this Court sentenced Sledge to 360 months on his continuing criminal enterprise conviction and 240 months on his remaining convictions, to run concurrently, with three years of supervised release to follow. See Doc. No. 1505. Convictions were entered and sentences were imposed on all counts, including the conspiracy count. Id. Sledge timely appealed. On appeal, the United States recognized and conceded the need to remand to the district court to vacate Sledge's conspiracy conviction as a lesser-included-offense of continuing criminal enterprise. United States v. Lee, 687 F.3d 935, 939 n.7 (8th Cir. 2012). The Eighth Circuit remanded Sledge's drug conspiracy conviction to the district court to "vacate the lesser-included conviction" – Count One (drug conspiracy conviction) – due to Defendant's conviction on Count Fourteen, continuing criminal enterprise. See Doc. No. 1647- 2; see also United States v. Sledge, 108 F.4th 659 (8th Cir. 2024). The judgment was affirmed in "all other respects." Id.

Following the Eighth Circuit Court of Appeals remand, the Government filed a motion to dismiss Count One of the Superseding Indictment (Doc. No. 365) – conspiracy to distribute and possess with intent to distribute a controlled substance. See Doc. No. 1652. This Court granted the Government's motion and dismissed Count One in accordance with the opinion rendered by the Eighth Circuit Court of Appeals. See Doc. No. 1654. An amended judgment and statement of reasons was filed. See Doc. Nos. 1658 and 1659. Sledge timely appealed the Order (Doc. No. 1654) dismissing Count One. On October 8, 2024, the Eighth Circuit summarily affirmed this Court's order. See Doc. No. 1678.

## II.   LEGAL DISCUSSION

In his current motion, Sledge moves this Court to dismiss Count Fourteen – Continuing Criminal Enterprise – arguing the requisite predicate felony violations of federal narcotics law

originally relied upon by the Government to convict on Count Fourteen are no longer present, considering the dismissal of Count One. See Doc. No. 1662, p. 2. In other words, Sledge contends Count One can no longer support the conviction on Count Fourteen. The Government opposes the motion.

For a conviction on a charge of Continuing Criminal Enterprise ("CCE") under 21 U.S.C. § 848, the United States must prove: (1) a felony violation of the federal narcotics laws; (2) as part of a continuing series of three or more related felony violations of federal narcotics laws; (3) in concert with five or more other persons; (4) for whom [the defendant] is an organizer, manager or supervisor; [and] (5) from which [the defendant] derives substantial income or resources. United States v. Sledge, 108 F.4th 659, 665 (8th Cir. 2024).

The Defendant contests the second element of the statute, arguing the Government failed to establish that Sledge committed "three or more related felony violations of federal narcotics law" in light of the dismissal of Count One. See Doc. No. 1662, p. 3. However, the Court's dismissal of Count One (conspiracy to distribute and possess with intent to distribute a controlled substance) did not negate the jury's findings and verdict as to the CCE count. A jury verdict of guilt is a finding that a defendant has committed that offense beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The Court's final jury instructions required the jury to find, beyond a reasonable doubt, whether Sledge committed conspiracy to distribute or possess with intent to distribute a controlled substance as charged in Count One of the Superseding Indictment. The jury made that finding through its return of a guilty verdict on all counts, as admitted by Sledge, including as to Count Fourteen - the CCE count. See Doc. No. 1201.

The Court understands Sledge's argument; however, the Eighth Circuit Court of Appeals opinion remanding Sledge's case did not change this result. That opinion merely required vacation of Sledge's conviction for Count One (conspiracy) because that offense was a lesser included offense of Count Fourteen (CCE) and no separate punishment for that offense was permitted. Sledge, 108 F.4th at 673; see Rutledge v. United States, 517 U.S. 292 (1996). The opinion of the Eighth Circuit Court of Appeals did not reverse any determination about the sufficiency of the evidence to convict Sledge on Count Fourteen (CCE).

### III.   CONCLUSION

The Court has carefully reviewed the entire record, the parties' briefs, and relevant case law. For the reasons set forth above, the Defendant's motion to dismiss CCE Count (Doc. No. 1662) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 20th day of March, 2025.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court